LUCE & CO., LTD., APPELLANT, v. REGISTRAR OF GUAYAMA,
RESPONDENT.

APPEAL from a decision of the Registrar of Property of
Guayama Refusing to Record a Deed of Purchase and
Sale.

No. 594.—Decided July 9, 1924.

RECORD OF TITLE—VOID SALE—PRINCIPAL AND AGENT—PROHIBITION OF AGENT TO
ACQUIRE PROPERTY OF PRINCIPAL.—Ratifying the doctrine laid down in ' Gi-
ménez v. Registrar, 21 P.R.R. 314, it was held that a sale of common prop-
erty made as agent of the owners by a person who is managing partner of
the purchasing firm is null and void because contrary to the provisions of
subdivision 2 of section 1362 of the Civil Code.

The facts are stated in the opinion.

*Mr. J. Tous Soto* for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

This administrative appeal was taken by Luce & Co., an
agricultural partnership organized in accordance with the
Civil Code of Porto Rico, because the Registrar of Prop-
erty of Guayama refused to record in the books of his office
a purchase made by the said partnership of various joint
interests in the Carmen plantation of Salinas from Charles
L. Carpenter as attorney in fact of the vendors, the ground
of the registrar's decision being that the purchase was void
under subsection 2 of section 1362 of the Civil Code and the
judgment of this court in the case of *Giménez* v. *The Reg-
istrar*, 21 P.R.R. 314, for the reason that the attorney in
fact of the vendors was the managing partner of the vendee
partnership.

Subsection 2 of section 1362 of the Civil Code provides
that agents can not acquire by purchase, even at public or
judicial auction, either in person or by an agent, property
whose administration or sale may have been entrusted to
them; and in the case of *Giménez* v. *The Registrar, supra,*
this court held that a purchase by the wife with money be-
longing to the conjugal partnership of property belonging

to a mercantile firm of which her husband was managing partner was not recordable.

The appellant admits that the managing partner of a civil partnership is its agent; that Charles L. Carpenter was an agent of the vendors; that in the case cited the husband sold property of the firm of which he was manager to his wife for the conjugal partnership, and that practically the manager was selling to himself and therefore the sale was void; but alleges that the present case is different for the reason that if in the *Giménez Case* the husband as representative of the conjugal partnership had sold its property to the firm of which he was manager the sale would have been valid because the vendor husband was a personality distinct from the mercantile firm of which he was a member, and that various cited cases, which we shall examine later, would have been applicable.

We do not see the distinction made by the appellant in the *Giménez Case* in order to apply it to the present case, for if the purchase made by the wife was void because her husband was manager and therefore agent of the vendor firm, for which reason the husband practically was buying what he was selling as manager, likewise if he, as manager of the mercantile firm, had bought property that he sold as representative of the conjugal partnership, he would have been selling to himself property that he represented and the sale would have been void.

In the present case Charles L. Carpenter practically bought for himself, for he was the managing partner of Luce & Co., the property that he sold as attorney in fact of the owners; hence that sale is void in accordance with subsection 2 of section 1362 of the Civil Code.

The cases cited in support of the appeal are not in point with the present case, for in the case of *Turner* v. *Registrar of San Juan,* 22 P.R.R. 535, after ratifying the *Giménez Case, supra,* it was held that that case was not applicable to the *Turner Case* because the president of a corporation

is not its agent. In the case of *Rosenstadt & Waller, Inc.,* v. *Registrar of Caguas,* 23 P.R.R. 269, there was no question of a sale by the attorney in fact, but whether Jacob Rosenstadt as manager of the corporation could purchase for it property sold by him and his wife. In the case of *Successors of Sobrino, Fernández & Co.* v. *Registrar of San Juan,* 27 P.R.R. 425, Félix Pérez sold as attorney in fact property of the firm of Sobrino & Fernández to another firm called Successors of Sobrino, Fernández & Co. He did not buy for himself the property that he sold, nor was he the managing partner of the vendee firm.

The fact that Carpenter, as attorney in fact of the owners of the joint interests, gave an option of purchase to a person who later assigned it to the firm of which the attorney in fact who gave the option was a member and that for this reason the sale relieved the vendors of the obligation of sale contracted, is no ground for finding that the sale was not void.

In view of the conclusion reached it is not necessary to consider a curable defect assigned by the registrar, who, on the other hand, acquiesces in its revocation.

The decision appealed from should be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.

### ON RECONSIDERATION.

On February 20, 1925, the court, without handing down an opinion, overruled a motion for reconsideration, Mr. Justice Wolf dissenting.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

On reconsideration. It is well to sum up the facts. Charles L. Carpenter was a managing partner in the firm of Luce & Co. He was also attorney in fact for the vendor.

Luce & Co. by an intermediate person appeared to be acquiring the property whose record is denied.

The registrar and the original opinion of this court rely on the case of *Giménez* v. *Registrar of San Juan*, 21 P.R.R. 329. There Camblor, a husband who was the managing partner of a firm, sold property to the wife of said Camblor. The *ratio decidendi* of that case was that the said husband was not to be distinguished from the conjugal partnership of which he and his wife were component parts; that when the property was acquired by the wife it was an acquisition by the husband. It is evident that the sale could not be distinguished from one where Camblor, managing partner, sold to Camblor, married man. The legal effect is exactly the same. The property in either case is presumed to be ganancial.

In the instant case Carpenter is not the firm of which he is a managing partner. The firm of Luce & Co. is an entity distinct from said Carpenter. The latter is not acquiring for himself, but for the firm. The literal provisions of section 1362 of the Civil Code do not apply to such a purchase. The managing partner is an agent of the firm in a sense in which a husband is not the agent of a conjugal society. During the lifetime of the spouses the husband is to all intents and purposes the whole entity. If a husband was to be regarded merely as an agent, then the provisions of section 1362 would be a dead letter in every case where a purchase was made by a married man, because the ganancial character would immediately attach.

Manresa, Vol. 10, page 100, commenting on section 1362 (1459), shows that agents, like managing partners, cannot acquire the property of their principals, but he makes it clear that the agent is one thing and the principal is another. Section 1362 does not forbid the principal from acquiring from his agent, but vice versa.

*Sobrino Fernández & Co.* v. *Registrar of San Juan*, 27 P.R.R. 425, was a case where the active agent was a mem-

ber both of the selling firm and the purchasing firm, and
we held that the acquiring firm was an entity distinct from
its manager, citing *Rosenstadt & Waller, Inc.,* v. *Registrar
of Caguas,* 23 P.R.R. 269. The distinction between the per-
sonality of the managing partner and the firm was clearly
and distinctly made. Hence here it may be also said Car-
penter is not Luce & Co. just as Benigno Fernández was
not Sobrino y Fernández & Co. In the *Rosenstadt & Waller
Case, supra,* it was the president of the corporation who
was the active agent. *Turner* v. *Registrar of San Juan,* 22
P.R.R. 535, also supports the idea of distinct entities as be-
tween the president of a corporation and the corporation.

Appellant also draws attention to the fact that section
1362 is to be given a restrictive rather than a liberal inter-
pretation.

The note should be reversed.